Makeba CARPENTER, Plaintiff–Appellant,

v.

NEW YORK CITY TRANSIT AUTHORITY, Manhattan and Bronx Surface Transit Operating Authority, also known as MABSTOA, Defendants–Appellees.

No. 06–4504–cv.

United States Court of Appeals, Second Circuit.

March 14, 2008.

Makeba Carpenter, pro se, Brooklyn, New York, for Plaintiff–Appellant.

Ann Burton Goetcheus (Kristen Nolan, on the brief), for Martin B. Schnabel, General Counsel, New York City Transit Authority, Brooklyn, New York, for Defendants–Appellees.

Present: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN GLEESON,* District Judge.

---

* The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

*SUMMARY ORDER*

Appellant Makeba Carpenter, *pro se*, appeals from a September 1, 2006 judgment of the United States District Court for the Eastern District of New York (Trager, J.), granting summary judgment to defendants-appellees on Carpenter's claims of racial discrimination under Title VII of the Civil Rights Act of 1964. We presume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews an order granting summary judgment *de novo*, and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

Even if, despite the district court's views to the contrary, Carpenter alleged facts that give rise to an inference of discrimination sufficient to satisfy her prima facie burden, Carpenter has failed to rebut defendants-appellees' legitimate non-discriminatory reason for her termination: that she was an unsafe driver who had gotten into an accident and failed to pass a mandatory retraining test. Because Carpenter has failed to produce evidence that would cause a reasonable factfinder to determine that the proffered reasons for her termination were pretextual, her claim of race discrimination fails as a matter of law. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Accordingly, the district court's judgment is AFFIRMED.